Argued and submitted October 30, affirmed December 24, 1996

Margaret B. FLANINGAM,
*Appellant,*

*v.*

David FLANINGAM,
*Respondent.*

(9411-08144; CA A89359)

929 P2d 1084

Roger Hennagin argued the cause and filed the briefs for appellant.

Montgomery W. Cobb argued the cause for respondent. With him on the brief was Cobb and Woodworth.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiff appeals from a summary judgment for defendant on plaintiff's claims for sexual abuse, outrageous conduct and negligence. On the record before us, we affirm.

■ Plaintiff filed a complaint on November 22, 1994, alleging that defendant, plaintiff's older brother, sexually abused her as a child and that the abuse had caused "extreme emotional disturbance described as Chronic Post-Traumatic Stress syndrome" from which she suffered damages. She also alleged that she was "not diagnosed, did not know [that] she was ill or that the illness was caused by Defendant's wrongful conduct until 1994" and that her lack of knowledge before 1994 was "reasonable."

Defendant moved for summary judgment on the ground that plaintiff's claims were time barred under ORS 12.117(1). He claimed that evidence in the record showed that plaintiff knew of the damage caused by the alleged abuse no later than 1987 and that, consequently, the statute of limitations began to run at that time. In response to defendant's motion, plaintiff submitted an affidavit in which she stated that she "was not aware of a link between [her] injury and the abuse by * * * defendant until 1994."

The trial court granted defendant's motion for summary judgment on the ground that plaintiff's claims were time barred. ORS 12.117(1) provides, in relevant part:

"[A]n action based on conduct that constitutes child abuse * * * shall be commenced not more than six years after [plaintiff] attains 18 years of age, or if the injured person has not discovered the injury or the causal connection between the injury and the child abuse, nor in the exercise of reasonable care should have discovered the injury or the causal connection between the injury and the child abuse, not more than three years from the date the injured person *discovers or in the exercise of reasonable care* should have discovered the injury or the causal connection between the child abuse and the injury * * *." (Emphasis supplied.)

Plaintiff's three assignments of error challenge the trial court's grant of summary judgment. She argues that the

court erred in its interpretation and application of the applicable provisions of ORS 12.117(1) and that:

> "In light of the characteristics of Post Traumatic Stress Disorder and, in light of plaintiff's affidavit, at the very least, the trial court was faced with a factual issue as to when plaintiff should reasonably have recognized the causal connection. The current medical research on the nature of the harm suffered by individuals such as plaintiff supports the fact that plaintiff did exercise reasonable care."

In support of that argument, plaintiff on appeal refers to medical literature from a variety of sources that she contends "reflects how the trauma of childhood sexual abuse affects survivors and re-defines 'reasonable care' under the unique circumstances of Post Traumatic Stress Disorder * * *." Defendant responds that plaintiff argues for the first time on appeal that Post Traumatic Stress Disorder prevented her from becoming aware of the link between her injury and the alleged abuse. He also contends that none of the medical research cited by plaintiff in her appellate brief was submitted at the trial level.

■ Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. ORCP 47 C. The determination of whether there is a genuine issue of material fact is made on the evidence submitted by both parties. *Jones v. General Motors Corp.*, 139 Or App 244, 256, 911 P2d 1243, *rev allowed* 323 Or 483 (1996). We review the record in the light most favorable to plaintiff, the nonmoving party. *Stevens v. Bispham*, 316 Or 221, 223, 851 P2d 556 (1993). Consequently, we assume that it is true that plaintiff did not discover the link between her injury and defendant's alleged abuse until 1994, even though the record reflects that no later than 1987 plaintiff knew of the alleged abuse, was able to tell her relatives and psychiatrist about it and believed that she had suffered some damage from the abuse. Nonetheless, plaintiff failed to present any evidence to the trial court about a diagnosis of Post Traumatic Stress Disorder or how that condition prevented her before 1994 from being aware of the link between her injury and the alleged abuse. On this

record, the trial court did not err in granting defendant's motion for summary judgment.

Affirmed.